Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CODY LAYTON,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC, BANK OF AMERICA, N.A., AND SYNCHRONY BANK,**<br><br>Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.**<br><br>**Case No.:** 4:20-cv-00026-DN<br><br>**Judge: David Nuffer**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair

the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. CODY LAYTON ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), BANK OF AMERICA, N.A. ("BA"), and SYNCHRONY BANK ("Synchrony") (or jointly as "Defendants") as to erroneous reports of inaccurate and derogatory credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the County of Washington, State of Utah.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Washington, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Washington, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Experian is a corporation doing business in the State of Utah.
12. Defendant BA is a financial institution doing business in the State of Utah.
13. Defendant Synchrony is a financial institution doing business in the State of Utah.
14. Defendants BA and Synchrony ("Creditor Defendants") are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.
15. Defendant Experian is a national credit reporting agency, doing business in Utah, with a principal place of business in California.

## GENERAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of Utah.
17. At all times relevant, Defendants conducted business in the State of Utah.
18. Prior to March 27, 2018, Plaintiff had accounts with BA and Synchrony (the "Accounts").
19. Prior to March 27, 2018, Plaintiff had an account no. 552433XXXXXXXXX with BA (the "BA Account").
20. Prior to March 27, 2018, Plaintiff had an account no. 602052XXXXX, with Synchrony (the "Synchrony Account 1").
21. Prior to March 27, 2018, Plaintiff had an account no. 798192XXXXX, with Synchrony (the "Synchrony Account 2").
22. On or about March 27, 2018, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 18-22018 (the "Bankruptcy").
23. The Accounts were scheduled in the Bankruptcy and Creditor Defendants and/or subsequent holders of each respective account received notice of the Bankruptcy.
24. On or about July 5, 2018, Plaintiff received a Chapter 7 Bankruptcy discharge.
25. The Creditor Defendants filed no proceedings to declare the Accounts "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.
26. The Creditor Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for *personal* liability on the Accounts.
27. Creditor Defendants were listed in the schedule of creditors and each received notice of the discharge order when the Bankruptcy was discharged.

28. Accordingly, the Accounts were discharged through the Bankruptcy.
29. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Creditor Defendants to report any post-Bankruptcy derogatory collection information.
30. Creditor Defendants' attempt to collect upon the Accounts by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or discharge.
31. Plaintiff subsequently learned that Creditor Defendants reported post-Bankruptcy derogatory credit information regarding the Accounts on Plaintiff's credit reports, thereby causing erroneous, inaccurate, and negative credit information in Plaintiff's credit files.
32. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and his "fresh start".

**The BA Account: Inaccurate and Derogatory Reporting**

33. In an Experian credit report dated December 17, 2018, BA and Experian reported the following inaccurate and derogatory information regarding the BA Account:
    - Status: Closed. $237 Past due as of July 2018
    - Balance: $7,549
    - Monthly payment: $75
34. Experian and BA should not have reported derogatory information on the BA Account after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.
35. Experian and BA especially should not have reported derogatory information on the BA Account after July 5, 2018 because the BA Account was discharged in Plaintiff's chapter 7 bankruptcy on that date.
36. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on the BA Account pursuant to 15 U.S.C. §

5

1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BA.

37. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing the above inaccurate and incorrect derogatory information and requesting it be corrected and removed as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

- There should not be any amount listed as "monthly payment."

- If you do not immediately correct this account on my credit report please include a 100-word statement on my credit report of all the disputed information contained in this letter regarding this account.

**The Synchrony Account 1: Inaccurate and Derogatory Reporting**

38. In an Experian credit report dated December 17, 2018, Synchrony and Experian reported the following inaccurate and derogatory information regarding the Synchrony Account 1:
    - Status: Account charged off. $3,582 written off
    - Payment history May- August 2018: Charge off

39. Experian and Synchrony should not have reported derogatory information on the Synchrony Account 1 after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

40. Experian and Synchrony especially should not have reported derogatory information on the Synchrony Account 1 after July 5, 2018 because the Synchrony Account 1 was discharged in Plaintiff's chapter 7 bankruptcy on that date.

6

41. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on the Synchrony Account 1 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

42. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

    - Immediately correct this account and the disputed derogatory information from my credit report.

    - The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

    - Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.

    - If you do not immediately correct this account on my credit report please include a 100-word statement on my credit report of all the disputed information contained in this letter regarding this account.

**The Synchrony Account 2: Inaccurate and Derogatory Reporting**

43. In an Experian credit report dated December 17, 2018, Synchrony and Experian reported the following inaccurate and derogatory information on the Synchrony Account 2:
    - Status: Account charged off. $2,980 written off
    - Payment history April - August 2018: Charge off

44. Experian and Synchrony should not have reported derogatory information on the Synchrony Account 2 after March 27, 2018, because Plaintiff had filed for Bankruptcy on March 27, 2018.

7

45. Experian and Synchrony especially should not have reported derogatory information on the Synchrony Account 2 after July 5, 2018 because the Synchrony Account 2 was discharged in Plaintiff's chapter 7 bankruptcy on that date.

46. On or about December 21, 2018, Plaintiff disputed the inaccurate and derogatory information on the Synchrony Account 2 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

47. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian disputing and requesting the above inaccurate and incorrect derogatory information be removed and corrected as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a status of "included in bankruptcy" and balance of $0.

- Any post bankruptcy derogatory information needs to be immediately deleted from my credit report.

- If you do not immediately correct this account on my credit report please include a 100-word statement on my credit report of all the disputed information contained in this letter regarding this account.

**Defendants' Continued Inaccurate and Derogatory Reporting**

48. Upon information and belief, Experian timely notified Creditor Defendants of Plaintiff's dispute, but Creditor Defendant continued reporting the inaccurate and derogatory information.

49. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

50. On or about February 2, 2019, Plaintiff received notification from Experian that Creditor Defendants had received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

51. After receiving notice of Plaintiff's dispute, Defendants republished the inaccurate and derogatory information on the Accounts.

52. Rather than updating the Accounts to show included in bankruptcy, Defendants verified the information and then republished the inaccurate and derogatory information on Plaintiff's report.

53. According to Experian's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current status or state of the account."

54. Reporting the status of the Accounts as unpaid and as each having a past due balance after July 5, 2018 is inaccurate because the Accounts were discharged in Bankruptcy on July 5, 2018.

55. Since Plaintiff's dispute, by reporting the current status of the Accounts as currently being reported and by failing to identify the current status as "included in bankruptcy," Defendants have been intentionally reporting and republishing inaccurate post-bankruptcy discharge information.

56. Plaintiff is informed and believes that his credit score is taking a "double-hit", once for his bankruptcy, and once again for the negative statuses.

57. Additionally, Defendants' reporting of a balance and a past due balances is incorrect as the Accounts was discharged in bankruptcy and thus there is no balance due and owning on the Accounts.

58. Plaintiff is informed and believes and thereon alleges that during the investigation of Plaintiff's dispute, prior to Creditor Defendants responding and verifying the incorrect information to Experian, Creditor Defendants failed to check Plaintiff's bankruptcy filings to verify that the Accounts were included in bankruptcy, ensuring correct reporting on the Accounts.

59. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Experian responding and verifying the incorrect information to Plaintiff, Experian failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in bankruptcy to aid in reporting the correct status of the Accounts.
60. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Creditor Defendants responding and verifying the incorrect information to the credit reporting agencies, Creditor Defendants failed to communicate with Experian to aid in reporting the correct status of the Accounts.
61. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Experian responding and verifying the incorrect information to Plaintiff, Defendant Experian failed to communicate with Creditor Defendants to aid in reporting the correct status of the Accounts.
62. Defendants further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of the Accounts.
63. Therefore, Defendants upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
64. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
65. Due to Defendants failure to investigate, they each further failed to correct and update Plaintiff's information on the Accounts as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

10

66. Plaintiff's continued efforts to correct Defendants' erroneous and negative information by disputing the reporting on the Accounts with Defendants were futile.
67. Defendants' continued inaccurate and negative reporting on the Accounts in light of its knowledge of the actual errors was willful.
68. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
69. By inaccurately reporting information on the Accounts after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
71. The foregoing acts and omissions of each Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
72. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
73. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15

U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

74. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 26, 2020                                Respectfully submitted,

                                                BY: /s/ RYAN MCBRIDE_____
                                                    RYAN MCBRIDE, ESQ.
                                                    ATTORNEY FOR PLAINTIFF